# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| TODD FRANKENFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| vs. ) | |
| ) | |
| ACOSTA SALES, LLC, ) | |
| ) | **PLAINTIFF DEMANDS A** |
| Defendant. ) | **TRIAL BY STRUCK JURY** |

## COMPLAINT

### JURISDICTION AND VENUE

1. This is a suit to obtain relief to obtain for violations by Defendant of the Americans with Disabilities Act, as amended ("ADA").

2. The Court's powers are invoked pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper under 28 U.S.C. §1391. The Defendant employed the Plaintiff in the Northeastern Division of the Northern District of Alabama.

1

## ADMINISTRATIVE REMEDIES

4. Plaintiff's employment ended with the Defendant ended on April 27, 2014

5. Plaintiff filed a Charge of Discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") on September 25, 2014. *See Plaintiff's EEOC Charge, attached hereto as Exhibit A.*

6. Plaintiff filed his Charge of Discrimination within 180 days of his last date of employment with the Defendant.

7. The EEOC issued a Notice of Right to Sue to Mr. Frankenfield dated March 8, 2017. *See Exhibit B.*

8. Plaintiff initiated this action within 90 days of March 8, 2017.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

10. The Plaintiff, Todd Frankenfield is over the age of 19 years of age and is a resident of Huntsville, Alabama.

11. The Defendant Acosta Sales, LLC ("Acosta") is a foreign limited liability company formed in the State of Delaware doing business in Huntsville, Alabama.

12. Acosta is an employer within the meaning of the ADA.

## FACTUAL ALLEGATIONS

13. Mr. Frankenfield suffers from bipolar disorder.

14. Mr. Frankenfield interviewed for employment with Acosta in 2013.

15. Shannon Stevens conducted Mr. Frankenfield's interview.

16. During the interview, Mr. Frankenfield shared with Ms. Stevens he suffered form bipolar disorder.

17. Acosta hired Mr. Frankenfield in November 2013.

18. Mr. Frankenfield's job duties involved stocking coolers at registers at Walmart stores.

19. Mr. Frankenfield's job required him to travel to Walmart stores and restock Acosta's inventory.

20. The essential functions of Mr. Frankenfield's job included restocking, driving and using a tablet.

21. Mr. Frankenfield was able to perform the essential functions of his job.

22. Mr. Frankenfield is a qualified individual with a disability.

23. On or about March 24, 2014, Acosta added the job duty of scanning inventory to Mr. Frankenfield's position.

24. Repetitive tasks, such as scanning, exacerbate and trigger the effects of Mr. Frankenfield's bipolar disorder.

25. Mr. Frankenfield told Paula Werthington (Manager) and Michael Cotton (Unit Manager) he could not perform repetitive tasks, such as scanning, due to his bipolar disorder.

26. Mr. Frankenfield requested the accommodation of not having to scan items repetitively.

27. Mr. Frankenfield requested the accommodation of modification of job duties.

28. Mr. Frankenfield requested the accommodation of trading duties with other persons.

29. Because Acosta was in a superior position to Mr. Frankenfield to know what accommodations could be possible, Mr. Frankenfield requested Acosta to explore accommodation he may not have contemplated.

30. Acosta did not engage in an interactive process with Mr. Frankenfield to determine whether a reasonable accommodation could be made for his bipolar disorder.

31. Mr. Frankenfield expressed interest in and applied for other positions with Acosta.

32. Mr. Frankenfield applied for the position of Account Manager.

33. Mr. Frankenfield was qualified for the positions he expressed interest in and

applied for.

34. Acosta did not place Mr. Frankenfield in any other position.

35. On April 22, 2014, Mr. Frankenfield again informed Acosta that repetitive activities, such as scanning, trigger his bipolar disorder and requested that Michael Cotten explore accommodating him.

36. In an email dated April 22, 2014, Mr. Frankenfield asked Mr. Cotten, "Have you had the opportunity to check on the possibility of Acosta making any accommodations for me, maybe doubling up on my store calls, coolers, Hostess and special projects? Just an example."

37. Acosta terminated Mr. Frankenfield's employment effective April 26, 2014.

38. Acosta told Mr. Frankenfield he was being terminated because his job was being eliminated.

39. Mr. Cotten wrote on May 1, 2014 that Mr. Frankenfield was honest, reliable and could be counted on in the most delicate of situations.

40. Mr. Cotten wrote on May 1, 2014 that Mr. Frankenfield always completed his assignment son time in a professional manner.

41. Mr. Cotten wrote on May 1, 2014 that Mr. Frankenfield was trusted to pick up and deliver sensitive materials and equipment without supervision.

42. Mr. Cotten wrote on May 1, 2014 that Mr. Frankenfield was a valuable

member of his team.

## COUNT I
## AMERICANS WITH DISABILITIES ACT

43. Ms. Frankenfield adopts and incorporates the allegations set forth above in support of this Count.

44. Mr. Frankenfield is a qualified individual with a disability.

45. Acosta discriminated against Mr. Frankenfield by denying him a reasonable accommodation for his disability.

46. Acosta discriminated against Mr. Frankenfield because of his disability by not placing him in a position for which he was qualified.

47. Acosta discriminated against Mr. Frankenfield because of his disability by terminating his employment.

48. Acosta's policies and practices discriminate against qualified employees with disabilities.

49. Acosta's conduct injured Mr. Frankenfield.

**WHEREFORE, PREMISES CONSIDERED**, Mr. Frankenfield respectfully prays that this Court will grant him relief as follows:

   a. Grant Plaintiff declaratory judgment that the employment practices complained of herein are violative of the rights of Mr. Frankenfield as

secured by the ADA, as amended;

b.  Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting in concert with the Defendant and at the Defendant's request, from continuing to violate the ADA;

c.  Grant Plaintiff an award of back pay and employment benefits (plus interest);

d.  Grant Plaintiff an award of compensatory damages to be determined by the trier of fact;

e.  Grant Plaintiff an award of punitive damages to be determined by the trier of fact;

f.  Grant Plaintiff injunctive relief including backpay, reinstatement and/or reasonable front-pay;

g.  Award costs and reasonable attorney's fees to the Plaintiff;

h.  Award pre-judgment and post-judgment interest;

i.  Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees, and expenses.

## COUNT II
## AMERICANS WITH DISABILITIES ACT
## RETALIATION

50. Mr. Frankenfield adopts and incorporates the allegations set forth above in support of this Count.

51. Mr. Frankenfield requested reasonable accommodations under the Americans with Disabilities Act.

52. Mr. Frankenfield's request for reasonable accommodations were protected activity under the ADA.

53. After Mr. Frankenfield requested reasonable accommodations under the ADA, Acosta terminated his employment.

54. Acosta retaliated against Mr. Frankenfield for engaging in activity protected by the ADA.

**WHEREFORE, PREMISES CONSIDERED**, Mr. Frankenfield respectfully prays that this Court will grant him relief as follows:

a. Grant Plaintiff declaratory judgment that the employment practices complained of herein are violative of the rights of Mr. Frankenfield as secured by the ADA, as amended;

b. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting in concert

with the Defendant and at the Defendant's request, from continuing to violate the ADA;

c. Grant Plaintiff an award of back pay and employment benefits (plus interest);

d. Grant Plaintiff an award of compensatory damages to be determined by the trier of fact;

e. Grant Plaintiff an award of punitive damages to be determined by the trier of fact;

f. Grant Plaintiff injunctive relief including backpay, reinstatement and/or reasonable front-pay;

g. Award costs and reasonable attorney's fees to the Plaintiff;

h. Award pre-judgment and post-judgment interest;

i. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees, and expenses.

**PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY.**

*/s/ Heather Leonard*
Heather Newsom-Leonard
ASB-1152-O61H

                                                                               ATTORNEY FOR PLAINTIFF

OF COUNSEL:

HEATHER LEONARD, P.C.
P. O. Box 43768
Birmingham, AL 35243
Phone:     (205) 977-5421
Facsimile:  (205) 278-1400
Heather@HeatherLeonardPC.com


SERVE DEFENDANT VIA CERTIFIED MAIL:

Acosta Sales, LLC
c/o Corporation Service Company, Inc
641 South Lawrence Street
Montgomery, AL 36104